## Case No. 2,415.

*Ex* parte CARLTON et al.

[5 Law Rep. 120; 1 N. Y. Leg. Obs. 292.]

Circuit Court, D. Massachusetts. June, 1842.

BANKRUPTCY—EQUITY JURISDICTION—INJUNCTION.

The district courts of the United States, sitting in bankruptcy, have general equity jurisdiction, and may grant writs of injunction, without previous notice to the adverse party.

[Cited in Re Smith, Case No. 12,994; Re Muller, Id. 9,912; Re Providence & N. Y. Steamship Co., Id. 11,451.]

This was the case of a petition in bankruptcy by Moses Carlton, of Lancaster, and Albert S. Carlton, of Boston, for an injunction. The petition stated that the petitioners were copartners in trade with Charles P. Wilder, of Newton, and Joseph A. Tilden, of Pepperill, under the firm and style of Carlton, Wilder & Co., having their place of business in Boston; that the petitioners, at a former day, had filed their petition for the purpose of having themselves and said firm declared bankrupt; that when the case of the petitioners was called in court, it was continued on motion of their counsel to enable him to submit a motion in relation thereto, but subsequently, without notice to the petitioners, or their counsel, a decree of bankruptcy was declared against the petitioners,

and not against said firm: that the petitioners were informed and believed that since their said petition was filed, and known to be filed by said Charles P. and Joseph A., they had obtained possession of portions of the property of said firm and applied them to their own private purposes; that they had endeavored to obtain other portions of the property of the firm for a like purpose; that they had offered to deliver to one John M. Hollingsworth property belonging to the firm, to pay the debt of said Hollingsworth in full; that said Charles P. and Joseph A. held drafts, notes and property of said firm, of great value, which should be appropriated under said bankruptcy, to the use and benefit of the creditors thereof. Wherefore the petitioners prayed for an injunction upon the said Charles P. and Joseph A., from disposing of any part of the property of the said firm, unless under the order of the court; and for general relief. Upon the presentation of this petition to the district judge, he certified the following question to the circuit court, namely: "Whether a writ of injunction can be granted without previous notice to the said Charles P. Wilder and Joseph A. Tilden, or their attorney."

Edward G. Loring, for petitioners.

STORY, Circuit Justice. I do not think that there is any real difficulty in the question certified; and the learned judge certified it to this court rather as a matter of general practice to be settled in cases of this sort, which are growing numerous, so that a uniform rule may prevail, than from any doubts entertained by him. The district court, sitting in bankruptcy, has general equity jurisdiction, and may summarily do whatever a court · of equity may do in the ordinary course of its practice and proceedings. Now, nothing is more common than for a court of equity, in its discretion, to grant an injunction ex parte, without notice to the other side. the injunction, however, to continue only until the other party chooses to appear and contest it, and move for its dissolution. This being clearly, upon principle. the right and duty of the court and the necessity of the prompt interference of the court to prevent irreparable mischiefs being of not infrequent occurrence, there is no reason why the district court, sitting in bankruptcy, may not issue an injunction ex parte in fit cases, in its discretion, unless there be some statute provision, which limits the right, or requires a previous notice to the other party. Indeed, in cases of bankruptcy, it would seem peculiarly fit for the court so to act, for it is impossible that many exigencies should not arise, requiring the immediate interposition of the court to prevent irreparable injury or injustice; and, as the court is always open, no injury can occur to the adverse party by reason of delay, as he may forthwith move for the dissolution of the injunction, as soon as it has been served upon him.

Now, there is no statute of the United States, which imposes the slightest limitation upon the exercise of the power to issue injunctions, or requires notice thereof, unless in cases provided for by the act of congress of the 2d of March, 1793, c. 66 (chapter 22 [1 Story's Laws, 310; 1 Stat. 334, c. 22], § 5), and the act of congress of the 13th of February, 1807, c. 68 (chapter 58 [2 Story's Laws, 1043; 2 Stat. 418, c. 13]). But neither of these statutes has any application to cases in bankruptcy in the district courts, nor, indeed, to any cases except those which are pending in the circuit court in the exercise of its ordinary jurisdiction. The former act requires reasonable notice of the application for an injunction to be given to the adverse party, before the injunction is granted in causes pending in the circuit court. The latter act confers authority on the district judges to grant injunctions in like manner, upon notice, in all cases pending in the circuit court. These acts, therefore do not touch the jurisdiction of the district court in the administration of equity in bankrupt cases. And as they do not contemplate the classes of cases created by the bankrupt act of 1841 [5 Stat. 441], it is obvious that their provisions are inapplicable to it; and leave the jurisdiction to grant injunctions upon the general practice and principles which govern courts of equity. I shall therefore direct a certificate to the district court, that a writ of injunction can be granted by the district court in bankruptcy without previous notice to the adverse party.